## MARTIN ET AL. V. BOND.

EXEMPTIONS — THE STATUTE APPLIES TO MERCHANTS AND SHOP-KEEPERS.— Section 32, chapter 6C, of the General Statutes, which exempts from levy and sale on execution or attachment the tools, implements, working animals, books and stock in trade, not exceeding $300 in value, of any mechanic, miner or other person not being the head of a family, used and kept for the purpose of carrying on his trade and business, covers and includes the stock in trade of a merchant or shop-keeper kept for the purpose of sale, to the extent specified in the statute, the same as the property of other persons.

### Appeal from Pitkin County Court.

Messrs. WILSON & STIMSON, for appellants.

PATTISON, C. In this case it appears that some time prior to December 29, 1886, the appellants instituted an action against the appellee, in which they caused a writ of attachment to be issued and levied upon her property, which consisted of a stock of merchandise.

Appellee claimed that a portion of the property levied upon was exempt from levy and sale. In support of her claim she filed an affidavit in which she stated "that she is not the head of a family; that she is a *bona fide* resident of the state of Colorado, resides at Aspen, Pitkin county, in said state, and is engaged in business in said town as a merchant, dealing in confectionery, produce, fruits, poultry, game, bottled liquors, notions, etc.; that each of the writs of attachment issued in the above-entitled action has been levied upon her said stock of goods and store furniture and fixtures."

The affidavit further states that certain goods, which are particularly mentioned, "constitute a part of deponent's said stock in trade, and are used and kept by deponent for the purpose of carrying on her said business; that no part of the amount sued for in either of said actions is for the purchase price of property herein speci-

fied, or any part thereof; that the value of said property does not exceed the sum of $300; that said deponent claims each one and all of the articles hereinbefore specified as exempt from levy and sale under said writs of attachment, or either of them; that the plaintiffs in each of said actions deny that said property is exempt from levy and sale under said attachments. Defendant therefore demands a trial of her right to said exemption."

Upon this affidavit, supplemented by a stipulation reciting certain facts, the trial was had, and resulted in a judgment declaring that the articles of merchandise mentioned in the affidavit were exempt from execution. It was agreed and stipulated by the parties that at the time of the levy of the attachment appellee was engaged in the mercantile business, and that the value of her entire stock of goods was more than $300; that the articles specified in her affidavit constituted a part of her stock in trade, and were kept by her for the purpose of carrying on her business, and were of the value of $299.65, and no more. It was further agreed that appellee claimed the articles mentioned were exempt when the writs were levied, and duly demanded their return; that such demand was refused; and that no part of the amount sued for was for purchase money.

The question presented to this court is clearly and well defined. Is any part of the stock in trade of a merchant, not the head of a family, kept for the purpose of sale, exempt from execution? The question involves a construction of section 32 of chapter 60 of the General Statutes of this state, relating to judgments and executions. It is generally held by courts of last resort that exemption statutes should be liberally construed. In Thomp. Homesteads & Ex. § 731, the author says: "As already seen, the courts are united in the conclusion that statutes of this kind ought to be liberally construed, so as to advance the intention of the legislature. From this general view there are but one or two dissenting voices,

among which may be named the supreme court of Pennsylvania and the early supreme court of Minnesota."

The liberal policy of this state in regard to exemption laws is indicated by the organic law. Section 1 of article 18 of the constitution expressly declares that "the general assembly shall pass liberal homestead and exemption laws." The decisions of the courts should be in harmony with this policy.

In the discussion of this case it is unnecessary to recite all of the nine subdivisions of the section mentioned. It is sufficient to say that by them liberal provision is made for all heads of families; that they apply exclusively to the heads of families; that they have no application whatever to a debtor who is not the head of a family; and that the sole protection of a citizen of the latter class is to be found in the following proviso: "And provided, also, further, that the tools, implements, working animals, books and stock in trade, not exceeding $300 in value, of any mechanic, miner, or other person, not being the head of a family, used and kept for the purpose of carrying on his trade and business, shall be exempt from levy and sale on any execution or writ of attachment while such person is a *bona fide* resident of this state."

The intent of this proviso is manifest. By it the beneficent provisions of the statute are extended to the debtors of the class mentioned. The sole question presented is whether the language of the proviso is sufficiently comprehensive to include debtors who, like the appellee, are small tradesmen or shop-keepers. If it is not, then it follows that the statute is not uniform in its application, because the great army of small merchants in the state would be entirely without protection, and no part of their property would be exempt except that specified in the thirty-first section of the statute, to wit, " their necessary wearing apparel." As there is no reason to believe it to have been the intention of the legislature to discriminate against this class of citizens, it is

clear that they should enjoy the advantages of the statute, unless excluded by its express language, or by necessary implication.    The language of the proviso is sufficiently comprehensive to include merchants and tradesmen.    The part to be construed reads as follows:  " The
tools, implements, working animals, books and stock in
trade, not exceeding $300 in value, of any mechanic,
miner or other person," etc.    Appellants insist that the
words "or other person" are limited in their meaning
by the specific words preceding, to wit, " any mechanic,
miner," etc.    It is claimed that these words cannot be
construed in their general sense, but that by force of association with the specific words which precede them
they are limited to debtors who, like mechanics or miners,
earn a livelihood by manual labor as skilled artisans.    If
this construction should prevail, it necessarily follows
that the words " stock in trade " would not apply to
merchandise which is bought and sold, but must be limited to the material which the mechanic or miner may
keep for the purpose of manufacturing or carrying on
his business.    In aid of this interpretation of the statute
the familiar rule of the association of words is invoked,
that " where specific terms are followed by general terms
the general is restricted to a sense analogous to the specific; " the rule usually expressed by the words "noscitur a sociis."   But the purpose of this rule, as of all rules
of construction, is to aid in discovering and defining the
intent of a statute, and is in no sense arbitrary in its
character.    It must, in all cases, yield to the higher
principle of interpretation, to wit, that "statutes must
be interpreted according to the intent and meaning, and
not always according to the letter."    Potter's Dwar. St.
144.

In End. Interp. § 410, it is said: " The general object
of the act also sometimes requires that the final generic
word shall not be restricted in meaning by its predecessors.    The rule, in general requiring the opposite, is

merely an aid in ascertaining the legislative intent, and, of course, does not warrant the court in confining the operation of a statute, be it penal or otherwise, within limits narrower than those intended by the law-maker, nor require the entire rejection of general terms, but is to be taken and applied in connection with other principles of statutory construction, e. g., that the declared intention of the legislature is to be carried into effect."

In *Harrington v. Smith*, 28 Wis. 43, these principles are stated in the following comprehensive language: "The true rule for the construction of statutes is to look to the whole and every part of the statute, and the apparent intention derived from the whole, to the subject-matter, to the effects and consequences, and to the reason and spirit of the law; and thus to ascertain the true meaning of the legislature, though the meaning so ascertained may sometimes conflict with the literal sense of the words." "General words in a statute must receive a general construction, unless there be something in it to restrain them, or if there be no express exception."

In *Woodworth v. State*, 26 Ohio St. 196, McIlvaine, C. J., uses the following language: "Now, it must be remarked that the rule of construction referred to above can be used only as an aid in ascertaining the legislative intent, and not for the purpose of confining the operation of a statute within limits narrower than those intended by the law-maker. It affords a mere suggestion to the judicial mind that, where it clearly appears that the law-maker was thinking of a particular class of persons or objects, his words of more general description may not have been intended to embrace those not within the class. The suggestion is one of common sense. Other rules of construction are, however, equally potent, especially the primary rule, which suggests that the intent of the legislature is to be found in the ordinary meaning of the words of the statute." *Tynan, Adm'r, v. Walker*, 35 Cal. 634.

To discover and give effect to the intention of the legislature, the statute should be read in the light of these principles. If so read, the intention that its provisions should be uniform in their application seems clear and unmistakable. All the subdivisions of the section cited, except the seventh, make provision for the heads of families, without reference to the trade or business in which they may be engaged. The sixth reads as follows: "The tools and implements, or stock in trade, of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, not exceeding $200 in value." This provision, by a rigid application of the rule of *noscitur a sociis*, might be limited in its effect to persons exercising some particular trade. But this construction would not be in harmony with the spirit and intent of the legislature, as manifested in all the other subdivisions of the section, except the seventh, which is expressly confined to professional men. These subdivisions are general in language, and apply to heads of families, without reference to the particular trade, calling or business which they may follow. The merchant, if the head of a family, would be included.

There is nothing, therefore, in the general scope of the section which sustains appellants' proposition that the proviso relating to those who are not heads of families is to be limited to any particular class of debtors. Unless, therefore, the language of the proviso has the effect of excluding the merchant, he must be held to be included within its provisions. That its language cannot have this effect is clear. The articles enumerated are practically the same as those mentioned in the other subdivisions, except the furniture, the animals, food, supplies, etc., ordinarily kept by the head of a family. These articles are "tools, implements, working animals, books and stock in trade." This description of exempt property is quite broad enough to show that it was the intention of the legislature to extend to this class of debtors

the same protection that is afforded by the statute to heads of families. And this intention is manifested as well by the description contained in the proviso of the persons who are declared to be entitled to its benefits — "mechanics, miners or other persons." That these general words may include the merchant cannot be doubted, and, inasmuch as the entire statute reveals an intention on the part of the legislature to protect all citizens alike, effect should be given to such intention by extending its provisions to the shop-keeper as well as the mechanic.

In the case of *Watson v. Lederer*, 11 Colo. 577, the position of appellants was stated by BECK, C. J., in the following language: "For the appellant it is urged that the appellee does not come within the class of persons herein specified, for the reason that he is neither a mechanic nor a miner, and for the further reason that the words 'or other person' limit the benefits of the provision to persons of like business as those named, according to the maxim *noscitur a sociis*, which excludes the plaintiff from the protection of the statute, its language not being descriptive of the business in which he was engaged. Appellant's counsel contends that, in order to entitle a person to exemption under the designation 'other person,' he must follow a trade or business of the same class or kind as a mechanic or miner, and must earn his livelihood by his manual labor as a skilled artisan or handicraftsman. We are of the opinion that the statutory provision in question is not capable of such a narrow construction, and therefore cannot adopt it." In that case it was held that "the horse, wagon and harness of an unmarried man, engaged in the business of assaying and sampling ores [and necessarily used in the prosecution of his business], are exempt from execution, under the proviso at the end of General Statutes, section 32, page 602, that the tools, etc., of a mechanic, miner or other person, not exceeding $300 in value, shall be exempt from levy and sale."

The particular question here presented was expressly excepted in the case cited. The court said: "It appearing, then, that provision is made in the several subdivisions comprising the body of the act for the skilled and the unskilled, the learned and the unlearned, and these several subdivisions being grouped together in a single sentence in the proviso, the application thereto of the maxim *noscitur a sociis*, instead of limiting its provisions to skilled labor only, extends them to the members of all lawful avocations who earn their livelihood by their own exertions, whether manual or mental, and who necessarily use, in the due prosecution thereof, specific articles of personal property of like character with those specified in the statute. This does not include articles of merchandise; and no opinion is now expressed concerning the import of the term 'stock in trade' as used in the statute." The learned judge was careful not to express an opinion as to "merchandise," and equally careful not to say anything which might tend to exclude the "stock in trade" of a merchant from the operation of the statute under consideration.

The corresponding provision of the statute of Kansas is as follows: "The necessary tools and implements of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business, and, in addition thereto, stock in trade, not exceeding $400 in value." Gen. St. pp. 473, 474, § 3.

In *Bequillard v. Bartlett*, 19 Kan. 382, it was held that "this provision did not include articles of merchandise bought by a merchant to be sold again on speculation." But in the same case it was held that watches and jewelry manufactured by a watchmaker and jeweler, whether manufactured for a particular customer upon special orders, or for customers generally, and for sale to any person who might wish to purchase, whether completed or not completed, are exempt from levy and sale. It is difficult to see upon what principle the stock of the

watchmaker, who manufactures his watches for sale, is to be distinguished from that of the jeweler, who, in addition to the manufacture of watches, may purchase them and keep them for sale. In the one case, the watch made by the watchmaker for sale would be exempt from execution, while the watch bought by him for sale would not be exempt. So nice a distinction is hardly consonant with the elementary principle of construction that exemption statutes should be construed liberally.

The question was directly involved in the case of *Grimes v. Byrne*, 2 Minn. 72. The language of the statute of that state is the same as that of Kansas. It was held that the stock of a merchant was not exempt from execution. But in Wisconsin a different construction prevails. In *Wicker v. Comstock*, 52 Wis. 315, it was held that "the statute which exempts from execution 'the tools and implements, or stock in trade, of any mechanic, miner or other person, used or kept for the purpose of carrying on his trade or business, not exceeding $200 in value,' held to apply to the stock of goods kept on sale by a merchant." In the course of the opinion Lyon, J., says: "Looking through these statutes, we find no adequate provision in favor of merchants or shopkeepers as a class, unless it is contained in the statute under consideration. Their little stocks in trade may be as indispensable to the support of their families as are the tools of the mechanic or miner, the press and types of the printer, or the library of the lawyer. Why should they not have the same protection as the others? And, when we find language in a statute which may fairly be construed as giving them the same protection extended to other classes of debtors, why should not that construction be adopted?"

There is no reason to be found, either in the letter or the spirit of the statute, or in the general policy of the law of this state, as expressed in the constitution, why the construction which prevails in Wisconsin should not

be adopted by this court, and the statute held to apply to the merchant or shop-keeper as well as the mechanic. The judgment should be affirmed.

We concur: REED and RICHMOND, CC.

PER CURIAM.   For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*