RUTTER ET AL. v. SHUMWAY.

1. MOTIONS AND EXCEPTIONS, HOW PRESERVED.— The general rule is that motions and exceptions cannot be preserved by transcribing them into the record proper; nor can they be considered by a court of review unless duly authenticated by bill of exceptions.

2. EXEMPTION STATUTES — CONSTRUCTION OF.— Exemption statutes should be liberally construed. The wages of debtors are exempt, according to the terms and conditions of the statute, so long as they are capable of identification.

*Error to Boulder County Court.*

PLAINTIFFS in error, Rutter & Johnson, recovered judgment against Shumway, the defendant in error, before a justice of the peace, for the sum of $49.60 and costs. They then sought by process of garnishment to subject certain moneys deposited by Shumway in the Boulder National Bank to the payment of said judgment. Shumway claimed

said moneys as exempt from garnishment under the act of March 28, 1885 (Sess. Laws, p. 262), which reads as follows: "There shall be exempt from levy under execution or at tachment of garnishment the wages and earnings of any debtor to an amount not exceeding $100, earned during the thirty days next preceding such levy under execution or attachment or garnishment of the same: Provided, such debtor shall, at the time of such levy under execution or attachment or garnishment, be the head of a family, or the wife of the head of a family, and such family is dependent, in whole or in part, upon such wages or earnings for support: Provided, further, that no debts incurred prior to the approval of this act shall be affected thereby."

Upon the trial in the county court Shumway's claim of exemption was sustained, and judgment was entered accordingly. To reverse said judgment this writ of error is prosecuted.

Mr. CHAS. M. CAMPBELL, of Boulder, for plaintiffs in error.

Mr. R. H. WHITELEY, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignment of error based upon the refusal of the county court to dismiss the appeal from the justice's court will not be considered, for the reason that neither the motion nor any exception to the denial thereof is properly preserved in the record. Such motions and exceptions must be preserved, if at all, by a bill of exceptions duly authenticated. The practice of attempting to preserve mere motions or exceptions of this kind by transcribing them into the record proper is not warranted by the common law nor by any provision of our Code of Procedure. The assignment based upon the refusal of the county court to require the appellant, Shumway, to give additional security must fail for the same reason. *Wike v. Campbell*, 5 Colo. 127, and cases there cited.

The bill of exceptions in this case makes no reference to any of the foregoing matters; neither does it purport to contain all the evidence produced at the trial in the county court. 'Hence we cannot consider the assignments of error challenging the sufficiency of the evidence to support the findings and judgment. *Cook v. Hughes,* 1 Colo. 51; *Keith v. Wells,* 14 Colo. 322.

Upon the trial the county court found as matters of fact that the money garnished was earned as wages by the said Shumway; that he was the head of a family, and that such family was dependent in whole or in part upon such wages for support. The court further found that Shumway earned $3 per day during the thirty-one days of the month of March, 1888, aggregating $93; that he deposited $75 of this sum in the Boulder National Bank; and that the $48.41 garnished in this proceeding of the suit of Rutter & Johnson, on April 16, 1888, was a balance of said $75 remaining in said bank; and further, that said Shumway did not earn during the thirty days next preceding said levy an amount exceeding the sum of $100.

As a conclusion of law from the foregoing the court found that the sum of $45 earned by said Shumway during the last fifteen days of March, 1888, was not subject to garnishment or levy under execution on April 16, 1888; and so awarded, and directed that $45 of the money so garnished be paid to Shumway, and that the residue — $3.41 — be allowed to Rutter & Johnson.

Our review of this case will be limited to the consideration of the question whether the findings of the trial court support its judgment under the act exempting the wages and earnings of debtors from levy under execution, attachment or garnishment. Sess. Laws 1885, p. 262.

The constitution of this state provides that the general assembly shall enact liberal exemption laws. To effectuate the purpose of such provision it is obvious that enactments in pursuance thereof should receive from the judiciary a liberal as well as reasonable construction. Const., art. 18,

§ 1; *Barnett v. Knight,* 7 Colo. 365; *Martin v. Bond,* 14 Colo. 468.

It is claimed by counsel for plaintiff in error that the proper construction of the act of 1885, above cited, is that the wages of the debtor are exempt from garnishment while they remain in the hands of the employer before payment, but not afterwards. The statute contains no such limitation or condition. The act declares: "There shall be exempt from levy under execution or attachment or garnishment the wages and earnings of any debtor to an amount not exceeding $100, earned during the thirty days next preceding such levy," etc. It is not declared that such wages shall not be levied upon in the hands of the employer, or that they shall not be attached or garnished before payment. The language is unconditional and absolute that such wages "shall be exempt from levy under execution or attachment or garnishment;" and the courts cannot justly add words which would tend to defeat or restrict the manifest purpose of the statute. So long as the wages or earnings of the debtor are capable of identification he is entitled to have them exempt according to the terms and provisions of the statute.

It is argued with much ingenuity that the earnings of the laborer, when received by him, are no longer wages, but capital; that the exemption statute has performed its office when it has enabled the laborer to secure his wages from his employer without let or hindrance; and that thereafter the statute cannot be invoked in his favor. The statute cannot be thus reasoned away. Such a construction is narrow and illiberal. It would compel the laborer to leave his earnings in the hands of his employer, or else forego the protection of the statute altogether. It would not only deprive him of the privilege of depositing his earnings with any bank or other depositary for safe-keeping, but would subject his wages to supplemental proceedings even in his own pocket; for, if earnings once received immediately lose their character *as wages,* then it is evident

that the laborer could never retain his earnings for a single hour without exposing them to the very perils which the statute was designed to avert. Such a construction would practically frustrate the beneficent objects of the statute. To illustrate: A man receives $100 as his month's wages. He is immediately called upon by legal process to apply the same to an unsatisfied judgment. He answers: "The money is my last month's wages. I am the head of a family dependent upon my earnings for support." Think of the court gravely responding: "Yes, the money was your *wages* before you received it, and was exempt, but having received it, it is no longer wages, but *capital,* and is not exempt. You were entitled to enjoy it before you received it, but not afterwards." What mockery.

It is further claimed that the record in this case does not show that the sum which the court adjudged exempt was the identical $45 which Shumway earned during the last fifteen days of March, or within the period of thirty days next preceding the garnishment. The argument is that he had received $93 as his month's wages; that he had retained $18, deposited $75, checked out all except a balance of $48.41, and that it is not definitely ascertained that such balance included the identical $45 earned during the last fifteen days of March, as aforesaid. This reasoning is altogether too subtle and refined to be applied to a statute requiring a liberal construction. It is quite probable that all the earnings of the month of March, except the $48.41 remaining in the bank, had been expended by Shumway or his family before April 16th. It certainly is quite as reasonable to presume that the money first earned was first expended as to suppose the contrary.

Again, it is contended that when a general deposit of money is made in a bank the deposit becomes a part of the assets of the bank; that the relation of debtor and creditor is thereby established between the banker and depositor, and that such deposit can be retained as a set-off in favor of any claim which the bank may have against the deposi-

tor. None of these principles have any application to the present controversy. The bank claims nothing against the depositor; nor does the depositor seek to evade the equitable doctrine of set-off. The statute does not undertake to exempt the debtor's wages from any lawful set-off. The exemption is from execution, attachment, or garnishment, and that only for the wages of the preceding thirty days, and to the extent of only $100. It cannot be difficult to distinguish the fruits of labor from the accumulations of capital for that length of time; nor can any considerable earnings of the debtor elude the pursuit of the creditor while the $100 limit is retained. None of these considerations require a modification of the rule that the statute should be liberally construed.

Giving the statute a liberal construction, and indulging the usual presumptions in favor of the findings of a court of record, we find no ground for disturbing the judgment of the county court. It is accordingly affirmed.

*Affirmed.*