[No. 5338.]
[No. 2981 C. A.]

HAFEY ET AL. V. BALLIN.

Appellate Practice—Bill of Exceptions—Matters to be Included .—Record Proper.

An order of the district court remanding a cause to the county court cannot be reviewed where the motion to remand and the exception to the ruling of the court sustaining the motion are not included in the bill of exceptions, but only copied in the record proper by the clerk.—P. 252.

*Error to the District Court of Lake County.*
*Hon. Peter L. Palmer, Judge.*

Action by Max Ballin against Richard Hafey and Mollie Hafey. To review an order, defendants bring error.                                  *Dismissed.*

Mr. A. J. STERLING, for plaintiffs in error.

Mr. Jos. W. CLARKE, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This is a writ of error to review an order of the district court remanding to the county court of Lake county an action originally brought in the county court by defendant in error against plaintiffs in error, and transferred by the county court to the district court.

A motion to dismiss this proceeding upon the ground that the order complained of is an interlocutory order, and therefore not reviewable on error, is interposed by defendant in error. An examination of the record discloses that neither this question, nor any other, is before us for consideration.

Neither the motion to remand nor any exception to the order of the court sustaining the motion is properly in the record. While the motion and an exception to the ruling of the court thereon is copied into the record proper by the clerk of the district court, this is not sufficient. "Such motions and exceptions must be preserved, if at all, by a bill of exceptions duly authenticated" in order to make them a part of the record.—*Rutter v. Shumway*, 16 Colo. 95; *Wike v. Campbell*, 5 Colo. 126; *Stephens v. Moore, infra*, p. 306.

In *Wike v. Campbell*, it is said:

"It is well settled that papers filed in the progress or trial of a cause at *nisi prius*, and not intrinsically parts of the record, cannot become such by being incorporated therein. They are still extrinsic —are *de hors* the record—and can only be made part of it by a bill of exceptions. This rule embraces affidavits, bonds, stipulations of parties, the contents

of written motions, as well as all other papers belonging to the files which are not intrinsically parts of the record.''

In these circumstances, the motion must be sustained and the writ of error dismissed.

*Writ of error dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.