[No. 5363.]
[No. 3012 C. A.]

STEPHENS v. MOORE.

**Appellate Practice—Bill of Exceptions—Matters to be Included.**
In order to review the action of a trial court in dismissing an action, both the motion to dismiss and the exception to the court's ruling thereon must be preserved by bill of exceptions; and the fact that they are copied into the record proper by the clerk of such court is not sufficient.—P. 307.

*Error to the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

Action by Thomas P. Stephens against Mary M. Moore. The action was dismissed, and plaintiff brings error.          *Affirmed.*

Messrs. McGINTIE & ANDREWS, for plaintiff in error.

Messrs. STUART & MURRAY, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This is a writ of error to review a judgment of the county court of the city and county of Denver

dismissing an action pending therein on appeal from a judgment of a justice of the peace.

The error relied on cannot be considered for the reason that neither the motion to dismiss, nor any exception to the granting thereof, was properly preserved in the record. While the written motion to dismiss, and an exception to the ruling of the court thereon, are copied into the record proper by the clerk of the county court, this is not sufficient. ''Such motions and exceptions must be preserved, if at all, by a bill of exceptions duly authenticated. The practice of attempting to preserve mere motions or exceptions of this kind by transcribing them into the record proper is not warranted by the common law nor by any provision of our Code of Procedure.'' —*Rutter v. Shumway*, 16 Colo. 95.

This rule was held to apply to a motion of this character as early as the case of *Wike v. Campbell*, 5 Colo. 126, wherein Justice Beck, speaking for the court, said:

''It is well settled that papers filed in the progress or trial of a cause at *nisi prius*, and not intrinsically parts of the record, cannot become such by being incorporated therein. They are still extrinsic —are *de hors* the record—and can only be made part of it by a bill of exceptions. This rule embraces affidavits, bonds, stipulations of parties, the contents of written motions, as well as all other papers belonging to the files which are not intrinsically parts of the record.''

It follows that there is nothing before us from which we can determine whether the county court acted properly or otherwise in sustaining the motion to dismiss the action. The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.