Nora F. Staton, Appellant, v. Harriett B. Vernon et al., Appellees.

No. 40076.

1124

MARCH 11, 1930.

C. C. Orvis, for appellant.

McCoy & McCoy, for Harriett B. Vernon and J. S. Vernon, appellees.

FAVILLE, J.:—I. On December 14, 1926, the appellant recovered judgment against the appellees in the sum of $516.45 and costs. On April 11, 1929, appellant caused an execution to  issue on said judgment, and thereunder the garnishee Oskaloosa National Bank was duly garnished. The answer of the garnishee disclosed that there was on deposit in said bank the sum of $384.74, which stood on the books of said bank in the name of both of said appellees. On April 16, 1929, the appellees filed a motion for the discharge of said garnishee, on the ground that the said sum so on deposit in said bank was personal earnings of the appellee J. S. Vernon, earned within ninety days prior to said garnishment. The motion was supported by affidavit. It appears of record that the said appellee, at and prior to said garnishment, was a resident of this state, a married man, and the head of a family. A trial was had on the said motion for discharge. The evidence in behalf of the appellees tended to show that the money in the hands of the garnishee at the time of the service of said garnishment was money which was the personal earnings of the appellee J. S. Vernon, which had been earned within ninety days prior to said

garnishment. It appeared that the appellees had a continuous open account in the garnishee bank. It also affirmatively appeared that, during the last ninety days prior to the date of said garnishment, the appellee J. S. Vernon had deposited in said account the total sum of $446.20, and that $384.74 of said amount so deposited remained in said bank at the time of the said garnishment. The cashier of the bank testified that, if the said $446.20 had not been deposited in the bank within the last ninety days prior to the garnishment, there would not be any money in said account in said bank. The appellee J. S. Vernon testified that all of the money in the bank at the time of the garnishment was money that he had earned within the last ninety days as his wages; that all of the money in said account belonged to him; but that it was kept in his name and that of his wife, so .that the latter could check on the account for the purpose of paying bills; that his wife had no money of her own in said account.

Section 11763, Code, 1927, is as follows:

"The earnings of a debtor, who is a resident of the state and the head of a family, for his personal services, or those of his family, at any time within ninety days next preceding the levy, are exempt from liability for debt."

The sole question for our determination is whether, under the record in this case, the said money in the hands of the garnishee bank is exempt. Where the personal earnings described in the statute have not been paid to the judgment debtor, but are owed to him by his debtor, they are exempt. If the earnings have been paid to the debtor and are still in his possession in their original form, they would be exempt. When such earnings have been paid to the judgment debtor and have been deposited by him in a bank, the fact that the identical money so deposited is not in the bank, but that the debtor has evidence of such deposit, in the form of a certificate of deposit, pass book, deposit slip, or otherwise, does not so change the character of the earnings as to deprive them of their exempt character. It would be an unreasonable construction to hold that, by the deposit of the earnings in the bank, the debtor had voluntarily parted with the money, and had acquired in lieu thereof a credit due to him from the bank, and therefore the exempt character of the money had been lost. That exempt

earnings do not lose their exempt character by reason of such a deposit in the bank, see *Holmes v. Marshall,* 145 Cal. 777 (79 Pac. 534, 537); *State ex rel. Lankford v. Collins,* 70 Okla. 323 (174 Pac. 568, 572); *Emmert v. Schmidt,* 65 Kan. 31 (68 Pac. 1072); *Rutter v. Shumway,* 16 Colo. 95 (26 Pac. 321, 322). See, also, *Cook v. Allee,* 119 Iowa 226.

Under the record, the trial court was warranted in finding that all of the funds in the bank deposited in the name of the appellees, at the time of the garnishment, were the personal earnings of the appellee J. S. Vernon, and had been earned within ninety days prior to the garnishment. The conclusion of the court, having support in the evidence, will not be disturbed by us on appeal.

II. It is contended that, because the deposit in the bank was made in the name of both of the appellees, the appellee Harriett became a joint owner of said funds, and, appellant's judgment being against said Harriett, as well as against her husband, the said funds are subject to garnishment as the funds of the appellee Harriett. The record shows that the said funds were the personal earnings of the appellee J. S. Vernon; that the deposit was made in his name and in that of his wife solely as a matter of convenience, to enable the wife to draw checks against the same, for the purpose of paying bills. The evidence fails to show that the title to said funds or any portion of them was intended to be, or was in fact, vested in the said Harriett, but shows that said deposit was made in the form in which it was solely as a matter of convenience between the husband and wife. We are constrained to hold that, under the record in this case in regard to said matter, the deposit did not lose its exempt character. *Sterman v. Hann,* 160 Iowa 356.

III. Appellant contends that the appellees have failed to show by clear, satisfactory, and convincing evidence that the said funds are exempt. In a proceeding of this character, the  findings of the court below upon the questions of fact presented will be given the same weight as the verdict of a jury. The case is not triable *de novo* in this court. *Bell v. Courteen Seed Co.,* 197 Iowa 120. The finding of the court has

support in the evidence, and upon the record, we are not disposed to interfere with said finding.

The order of the district court is—*Affirmed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.