L. A. ANDREW, SUPERINTENDENT OF BANKING, Appellee, v. HELMER & GORTNER STATE BANK, Appellee, EUGENE RHOADS, Claimant, Appellant.

No. 41973.

June 20, 1933.

Rehearing Denied September 21, 1933.

H. J. Maurer, for appellant.

C. O. Boling and B. J. Maxwell, for appellees.

Mitchell, J.—On the 12th day of September, 1931, L. A. Andrew, superintendent of banking for Iowa, was appointed receiver of the Helmer & Gortner State Bank of Mechanicsville, Iowa, a corporation doing business and organized under the banking laws of Iowa.

On the 12th day of November, 1931, Eugene Rhoads filed a claim in proper form in the receivership of the Helmer & Gortner State Bank, claiming that an account in the name of Mrs. Amanda Rhoads, the wife of said Eugene Rhoads, be adjudged and decreed as the property of the said Eugene Rhoads, and that, so far as needed, it be applied to the payment of any and all indebtedness due the said Helmer & Gortner State Bank from the said Eugene Rhoads, or any and all of the notes which the said Eugene Rhoads owed to the Helmer & Gortner State Bank. The receiver denied generally any right, title, or interest of Eugene Rhoads in the said deposit in the name of his wife, Mrs. Amanda Rhoads. The matter was submitted to the court, and the court held that the claimant Eugene Rhoads, was not entitled to the relief demanded.

The record shows that on the 11th day of January, 1923, Eugene Rhoads, the appellant, opened a savings account in the name of his wife, Mrs. Amanda Rhoads, making a deposit of $300 in the Helmer & Gortner State Bank. He made other deposits in this ac-

count on sixteen different times or different dates from January, 1923, to September, 1931, when the bank closed. No one else ever made a deposit in this account. He withdrew funds from said account in various amounts on forty-six different dates. No one but the claimant ever withdrew any money from this account. On February 4, 1931, all funds were taken out of this account by appellant. Mrs. Amanda Rhoads, the record shows, never made a deposit and never withdrew any money from the account. The cashier of the bank testified that this savings account was always handled by Mr. Rhoads, who made the deposits and drew against the account. When funds were checked out of the account, the check was signed, "Mrs. Amanda Rhoads, by Eugene Rhoads." The total amount deposited in this account amounted to over $28,600, and at the time the said bank closed there was a balance in this account of $625.76. The pleadings conceded that at the time the bank closed Eugene Rhoads was owing the bank and surety on notes held by the bank a total of about $500, and that approximately $300 of that amount is still unpaid. Mrs. Amanda Rhoads was not indebted to the bank in any amount.

The question to be decided in this case is whether the appellant or his wife is the owner of a savings account in the name of the wife. To whom did the money really belong, Mrs. Amanda Rhoads or Eugene Rhoads? That is the question we must decide. The fact that the account was in the name of Mrs. Amanda Rhoads is not conclusive as to any one. After that is shown, it is still a question as to whose account it really is.

In 7 C. J. 641, the law is stated as follows:

"A deposit may be made in the name of a person other than the depositor, and yet remain the property of the depositor, so that the bank is justified in recognizing his ownership, where the circumstances are such that the deposit has not been put beyond his control."

In Staton v. Vernon, 209 Iowa 1123, 229 N. W. 763, 764, a husband placed funds in a bank to the credit of both himself and his wife, with the right on the part of the wife to draw the funds out as she deemed proper. On the question as to whether any of the fund so deposited was the property of the wife, the court said:

"The evidence fails to show that the title to said funds or any portion of them was intended to be, or was, in fact, vested in the said

Harriett [wife], but shows that said deposit was made in the form in which it was solely as a matter of convenience between the husband and wife."

The evidence in this case clearly showed that the account was the property of the appellant. He opened the account at the bank. He made all the deposits. He withdrew all the money that was withdrawn during the period that the account was in the bank, to wit, a period of some seven or eight years. There were but three witnesses that testified. Mr. Rhoads, the appellant, testified that it was his money; Mrs. Rhoads testified that it was Mr. Rhoads' money; and the cashier of the bank testified that Mr. Rhoads always handled the account, that he made all the deposits and withdrew all the money. There is not one single word of evidence in the record to contradict the statements of any one of these three witnesses. There is no evidence in the record of ownership of this account other than the evidence that it was the account of Eugene Rhoads, kept in the name of his wife for mere convenience. Thus clearly, from the record, it appears that the account belonged to Eugene Rhoads, the appellant, that he was the owner of said account, and that he was entitled to have his claim allowed as prayed for in his original claim, and to offset the amount of the claim against the indebtedness which he owed to the bank.

The decision and judgment of the lower court is therefore reversed, and this cause is remanded to the lower court to comply with the ruling and holding of this court.—Reversed and remanded.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.