MIDAMERICA SAVINGS BANK f/k/a
Home Savings and Loan
Association, Appellee,

v.

Ronald W. MIEHE, Appellant.

No. 88–391.

Supreme Court of Iowa.

April 19, 1989.

Rehearing Denied May 12, 1989.

Larry F. Woods, Oelwein, for appellant.

Jon Fister of Beecher, Beecher, Holmes & Rathert, Waterloo, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Defendant, Ronald W. Miehe, appeals from an order denying his contention that a personal bank account consisted of personal earnings exempt from garnishment under Iowa Code section 642.21 (1987). After considering the arguments of the parties, we reverse the order of the district court and remand the dispute to that court for further proceedings.

Miehe purchased a home in 1981 in a transaction in which he assumed the existing mortgage obligation of the previous owners. He later defaulted on the payments. The plaintiff, MidAmerica Savings Bank, as successor to the original mortgagee, commenced an action against Miehe seeking personal judgment on the mortgage indebtedness and foreclosure of the mortgage. Following a judgment and decree of foreclosure, the property was sold pursuant to special execution. A deficiency judgment of more than $18,000 against Miehe resulted. During the balance of this opinion, Miehe will sometimes be referred to as the judgment debtor and MidAmerica as the judgment creditor.

On January 4, 1988, pursuant to a writ of general execution issued on the deficiency judgment, the sheriff garnished a bank account of the judgment debtor which had a balance of $9473. The judgment debtor filed objections to the release of the garnished funds to the judgment creditor. He asserted that all of the funds in the account represented an accumulation of disposable earnings, a portion of which were exempt from garnishment under Iowa Code section 642.21 (1987) and the Federal Consumer Protection Act, 15 U.S.C. §§ 1671–77.

At the hearing on these objections, the parties stipulated that, for purposes of the pending dispute, all the funds in the account could be traced from the judgment debtor's "disposable earnings" as defined in Iowa Code section 642.21(3)(b) (1987). On February 8, 1988, the district court denied the objections to the garnishment and confirmed the judgment creditor's right to the proceeds of the bank account.

In seeking to overturn the district court's order, the judgment debtor relies on the

decision of this court in *Staton v. Vernon*, 209 Iowa 1123, 229 N.W. 763 (1930), holding that exempt earnings retain that status after being deposited in a bank account. The judgment creditor urges that the *Staton* case was decided under statutes which have since been repealed. It notes that the Iowa statute limiting garnishment of personal earnings incorporates by reference the provisions of the Federal Consumer Protection Act. The judgment creditor suggests that cases interpreting this federal legislation have held that personal earnings lose their exempt character upon being deposited in a bank account.

One of the federal decisions relied on by the judgment creditor is *Usery v. First National Bank of Arizona*, 586 F.2d 107 (9th Cir.1978). In that case, the federal court interpreted the Federal Consumer Protection Act and concluded that wages exempt from garnishment under these provisions of federal law did not retain their exempt status after being deposited in a bank account. The court determined that the exemption only applied to amounts which have accrued on the employer's books, and have not been transmitted to the employee. *Id.* at 110. The *Usery* case was followed by the Supreme Court of Wisconsin in applying a similarly worded state statute. *John O. Melby & Co. Bank v. Anderson*, 88 Wis.2d 252, 276 N.W.2d 274 (1979).

The judgment debtor urges that his claim to exemption is not based on federal law but rather depends on Iowa law which has adopted by reference some provisions of the Federal Consumer Protection Act but has also granted additional protections to wage earners not contained in the federal law. The judgment debtor further notes that the *Usery* decision relied at least in part on the decision of the Supreme Court in *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), which involved income tax refunds traceable to exempt wages. The Court in that case held that the term "earnings" was intended to mean only "periodic payments of compensation needed to support the wage earner and his family on a week-to-week, or month-to-month basis," and did not extend to every asset that is in some way traceable to the exempt compensation. *Id.* at 651, 94 S.Ct. at 2436, 41 L.Ed.2d at 382. The judgment debtor urges that the *Kokoszka* case is distinguishable from the present situation. He suggests that, while a tax refund is not ordinarily relied upon by a wage earner for subsistence in the same manner as periodic earnings, it is a common practice for a wage earner to deposit earnings relied upon for subsistence in a bank account.

We agree with the judgment debtor's contention that we must resort to Iowa law rather than federal law to resolve the present dispute. The legislature, in enacting and later amending Iowa Code section 642.21, has adopted federal law for some, but certainly not all, purposes to protect wage earners from creditors levying on their wages. Moreover, the issue in the present case is not limited to determining what wages are exempt but, in addition, requires a determination of when, and under what circumstances, the exempt character of these liquid assets is lost. The latter issue is one with which neither the federal nor Iowa statutes deal directly, thus leaving this court free to seek a sound result consistent with the broad policy considerations which weigh on the issue.

We have recognized that in some instances exempt funds will lose that status if their form is changed by investment in other property. In *Iowa Methodist Hospital v. Long*, 234 Iowa 843, 12 N.W.2d 171 (1943), the trial court had ruled that United States savings bonds purchased with a defendant's earnings were exempt to the same extent as the wages had been. That ruling was reversed on appeal. We held that the wages invested in the savings bond had lost their exempt character. *Id.* at 852, 12 N.W.2d at 175.

We have applied a different rule, however, with respect to the deposit of personal earnings in a bank account. In *Staton v. Vernon*, 209 Iowa 1123, 229 N.W.2d 763 (1930), the judgment debtor had established that all of the funds in a garnished bank account were deposited from his personal earnings received within a ninety-day peri-

od prior to the levy. In holding that the earnings had not lost their exempt character by reason of being deposited in the bank account, we stated:

> It would be an unreasonable construction to hold that by the deposit of the earnings in the bank the debtor had voluntarily parted with the money and had acquired, in lieu thereof, a credit due to him from the bank and, therefore, the exempt character of the money had been lost.

209 Iowa at 1125, 229 N.W.2d at 764.

The statute exempting personal earnings which was in force at the time the *Iowa Methodist Hospital* and *Staton* cases were decided provided as follows:

> The earnings of a debtor, who is a resident of the state and the head of a family, for his personal services, or those of his family, at any time within ninety days next preceding the levy, are exempt from liability for debt.

Iowa Code § 11763 (1939); Iowa Code § 11763 (1927). This statute existed in substantially the same form from the time these cases were decided until 1954 when, as a result of 1954 Iowa Acts chapter 268, section 1, that exemption statute was repealed and a new statute relating to the garnishment of personal earnings was enacted.

Unlike the prior legislation which exempted personal earnings from "liability for debt" the 1954 legislation provided that, to the extent specified in the statute, personal earnings were "exempt from garnishment." Both the 1954 exemption statute and the prior statute were located in the chapter of the Code dealing with exemptions. In 1971, the 1954 legislation was repealed upon the enactment of Iowa Code section 642.21. 1971 Iowa Acts ch. 270, § 1. The newly enacted statute was placed in the chapter of the Code dealing with garnishments. Like the 1954 statute, section 642.21 refers to exemption "from garnishment" rather than "liability for debt."

For purposes of resolving the present dispute, we will accept the judgment creditor's contention that the language of exemption found in section 642.21 only purports to limit garnishment of wages by levy on an employer. That circumstance does not, however, settle the issues which arise concerning disposition of exempt earnings by the wage earner. On that point, we conclude that, notwithstanding substantial changes in the wording of the exemption statute since the time the *Staton* case was decided, the rationale of that case is as valid today as it was in 1930.

In order to permit a wage earner to enjoy any benefit from the protection afforded by section 642.21, it is necessary to accord that person a reasonable opportunity to negotiate the paycheck and spend the funds. The commercial realities of modern-day living will frequently require that the funds be first deposited in a bank account in order to achieve that end. If wages intended by law to be exempt from creditors' claims are only accorded that status in the hands of the debtor's employer, the protection can be rendered meaningless by creditors levying on the funds in the hands of the debtor or on the debtor's bank account.

The applicable policy considerations were well expressed by the Kentucky court in *Matthews v. Lewis*, 617 S.W.2d 43 (Ky. 1981):

> It would be sheer, ineffectual folly to argue that compensation is exempt until it touches the hands [of the debtor] or the bank checking account and from that instant is completely available to a creditor possessing an attachment order. If that be the case, where is the exemption?

*Id.* at 45. Other cases approving this rationale include *General Motors Acceptance Corp. v. Falcone*, 130 N.J.Super. 517, 521, 327 A.2d 699, 701 (1974), and *Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441, 445, 504 N.E.2d 1100, 1103 (1986).

We hold that personal earnings exempt from garnishment under section 642.21, which can be traced to a checking account or savings account in a financial institution, continue to be exempt from creditors' levies. This holding applies to both the pay period limitation and the calendar year limitation contained in section 642.21. Because the purpose of allowing wages to retain

their exempt character is to facilitate payment of ordinary living expenses, the continuation of exempt status is conditioned upon tracing the deposits from wages received within a ninety-day period preceding the levy.

Nothing in our opinion is intended to alter the obligation of financial institutions in responding to notices of garnishment, or to impose any additional burdens on such institutions not mandated by statute. Debtors seeking to invoke the protections of this exemption must raise the issue by objecting to the release of the garnished funds to the levying creditor as provided in section 642.15. Our holding requires that the judgment of the district court must be reversed. The case is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.