STEPHEN O. COOK *vs.* VALENTINE W. HOLBROOK & trustee.

Money in the hands of an attorney at law, though less than twenty dollars in amount, which he has collected for wages for personal services of his client, may be attached by the trustee process.

TRUSTEE PROCESS. Silas A. Burgess, the supposed trustee, answered that, as an attorney at law, he prosecuted an action and recovered judgment in favor of the principal defendant against Fogg, Houghton & Co. for personal services rendered to them by the defendant, and that he held in his hands, at the time of the service upon him, the sum of $19.35 as the balance of the amount received on the judgment. Upon this answer the trustee was discharged in the superior court, and the plaintiff appealed to this court.

*P. C. Bacon,* for the plaintiff.

*S. A. Burgess, pro se,* cited *Staniels* v. *Raymond,* 4 Cush. 314; *McElroy* v. *Raymond,* Ib. 317.

DEWEY, J. The trustee seeks to be discharged under Gen. Sts. *c.* 142, § 29, which provide that " when the wages for the personal services of a defendant are attached for a debt or demand other than for necessaries furnished him or his family, there shall be reserved in the hands of the trustee a sum not exceeding twenty dollars, which shall be exempt from such attachment." The inquiry is, whether this provision can have any application to the present case. Had Fogg, Houghton & Co., prior to the judgment against them, been summoned as trustees of the defendant, the statute would have applied. But no such case exists. Their indebtedness to Holbrook was fully discharged before the service of this process. Mr. Burgess, the supposed trustee, was not the debtor of Holbrook for any wages due him for personal labor. His sole indebtedness was for money which he had received on a judgment debt against Fogg Houghton & Co. This judgment merged the prior simple contract debt for wages for labor. It was no longer a claim for wages. The debtor who owed for personal services was by the judgment fully discharged from his indebtedness. The supposed trustee, on the receipt of this money from the officer, was in no proper sense a mere servant of the creditor receiving coin or bank bills, which when received were the property of the creditor. On the contrary, such money at once vested absolutely in the attorney receiving the same. A new debtor to Holbrook was created. The attorney was under a liability to account to Holbrook, and might have availed himself of any set-off for any previously existing demand held by him against Holbrook. These positions are directly sustained by the case of *Maxwell* v. *McGee,* 12 Cush. 137.

It is too late to call in question the right to charge an attorney in a trustee process for money collected by him for his debtor. It was sanctioned by this court as early as *Coburn* v. *Ansart,* 3 Mass. 319, and many subsequent cases; the last being *Alexander* v. *Crittenden,* 4 Allen, 342.

The balance in the hands of Mr. Burgess was subject to this process, and he must be charged therefor as the trustee of Holbrook. *Trustee charged.*