A. B. CHADWICK v. JAMES STOUT, Sheriff, N. B. FRANCE,
    T. D. HASTIE AND GEO. F. THIERS, Appellants.

**Exempt Earnings:**   EXTENSION OF NINETY-DAY PERIOD.   Under Code,
    section 4011, providing that the earnings of a debtor, who is
    the head of a family, for his personal services for 90 days pre-
    ceding a levy shall not be liable for his debts, the fact that such
    head of a family has to bring an action to recover his wages,
    and is unable to recover judgment therein, or reduce such
    wages to possession, till more than 90 days after such wages
    were earned, does not render such wages exempt from liability
    for his debts after the debtor so recovers judgment.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
                          Judge.

             SATURDAY, OCTOBER 13, 1900.

    ACTION to offset mutual judgments, one of which is
for personal earnings more than 90 days preceding the levy
thereon.   There was a trial upon an agreed statement of
facts.   The exemption claimed was denied, and judgment
was rendered for the plaintiff, ordering the offset prayed.
Defendants appeal.—*Affirmed.*

    *T. D. Hastie* for appellants.

    *Mackenzie & Dewey* for appellee.

    SHERWIN, J.—Suit was brought in a justice court to
recover for personal services rendered by the plaintiff there-
in, who was the head of a family, and entitled to the stat-
utory exemptions.   He there procured a judgment, from
which an appeal was taken to the district court.   Nearly
four months after his original suit was brought, he ob-
tained judgment on his claim in the district court, and now
claims that the proceeds thereof were exempt to him, under
section 4011, Code 1897, at the time his final judgment

was obtained, and at the time the levy thereon was made. The statute in question provides that the personal earnings of the debtor "at any time within ninety days next preceding the levy" shall be exempt from liability for his debts, and we are asked to construe it so as to eliminate the time during which suit for the recovery of such earnings may be pending. No one questions the rule that exemption laws should be given a liberal construction in favor of the debtor's family, but the language of the statute under consideration is plain and unambiguous, and in express terms places the limit at 90 days next preceding the levy. Nothing can be gathered therefrom indicating an intent to remove from the computation of this time the period during which litigation to recover such earnings may be pending. The protection afforded the family by the time specified was evidently deemed sufficient by the lawmakers, and we cannot extend it to cover contingencies which were as well known to them as to the courts, without doing extreme violence to all rules of construction. The question before us was not in the case of *Millington v. Laurer,* 89 Iowa, 322; nor do we think the language of the opinion therein supports the appellants' contention. The district court gave the proper construction to the statute, and the judgment is AFFIRMED.

GRANGER, C. J., not sitting.