W. F. STERMAN, Appellant, v. J. M. HANN, Appellee.

**Exemptions:** STATUTES: CONSTRUCTION. Exemption laws will be lib-
1  erally construed, that the legislative intent to secure a debtor and his family the ordinary comforts of life may be effectuated.

**Same:** JOINT OWNERSHIP OF PROPERTY: REPLEVIN. A debtor may claim
2  as exempt from execution his interest in personal property owned jointly with another; and where he was in possession and control of the interest of his joint owner he can recover the possession from an officer holding it under an execution.

**Same:** EXEMPT PROPERTY: IRON SAFE. An iron safe used by a physician as part of the furniture of his office, and in which he kept his books of account, rare medicines and surgical instruments is exempt from execution, as a part of his tools and apparatus of his profession.

**Same:** NOTICE OF CLAIM. A debtor claiming property levied upon under execution as exempt is not required to state in his notice of claim the extent of his interest and from whom he acquired it, as such statutory requirement only applies to third persons claiming the property.

*Appeal from Madison District Court.*—HON. W. H. FAHEY, Judge.

THURSDAY, JUNE 5, 1913.

ACTION in replevin to recover a half interest in a certain safe levied on under execution, and claimed to be exempt on the grounds that the plaintiff was a physician and surgeon and used the same in and about his business.—*Reversed* and *Remanded.*

*C. A. Robins* and *W. S. Cooper* and *Leo. C. Percival,* for appellant.

*A. W.* and *Phil. R. Wilkinson* and *J. P. Steele,* for appellee.

GAYNOR, J.—The plaintiff, at the time hereinafter mentioned, was the owner of an undivided half interest in a certain safe. The defendant, as constable, under an execution issued out of the office of the justice of the peace, levied upon the safe and took the same into his possession as the property of the plaintiff. That at the time the safe was levied upon by the defendant it was in plaintiff's possession. He was a married man and the head of a family, and a practicing physician and surgeon. The safe was kept by the plaintiff in his office, and he had the possession, custody, and control of the same,

and was using it in connection with his business, and for the purpose of keeping therein his professional instruments, books and accounts, and certain rare and valuable medicines. That soon after the levy on the safe the plaintiff served on the defendant the notice required by section 3991 of the Code of 1897, claiming the same as exempt, and demanding the return of the safe to him. The defendant, answering, admits that he received the notice to release the safe as exempt, but says that he took the same under an execution against the plaintiff, issued upon a certain judgment in favor of J. F. Tate. He says that all he did was to take and hold it under the execution, and was so holding it at the time this action was commenced. He denies that the safe was exempt from execution, and asks that plaintiff's petition be dismissed. Upon the issues thus tendered, the case was tried to the court without a jury, and the court found for the defendant, dismissing plaintiff's petition.

This is an action in replevin, and the only questions submitted for our consideration are: First. Can a person maintain exemption under section 3991 of the Code, where the property claimed to be exempt was held by him in common with another? Second. Can a physician hold, as exempt, a safe kept and used by him in his office in connection with his business as physician and surgeon, for the purpose of keeping therein his professional instruments, books and accounts, and medicines?

It must be borne in mind at the outset that exemption laws are to be liberally construed; that they are given to the debtor to secure to him the necessary comforts of life for himself and family, and are enacted on the ground of public policy, for the purpose of saving debtors and their families from want, by reason of misfortune or improvidence, and should be so construed as to carry out the intent and purpose of the Legislature.

1. EXEMPTIONS: statutes: construction.

On the first proposition it seems to be well settled that

a debtor may claim personal property exempt which he owns in common with another, and that title in severalty is not necessary. In support of this see *Servanti v. Lusk*, 43 Cal. 238; *Hekle v. Grewe*, 125 Ill. 58 (17 N. E. 437, 8 Am. St. Rep. 332); *Rutledge v. Rutledge*, 8 Baxt. (Tenn.) 33, 34; *Radcliff v. Woods*, 25 Barb. (N. Y.) 52; *Moyer v. Drummond*, 32 S. C. 165 (10 S. E. 952, 7 L. R. A. 747, 17 Am. St. Rep. 850); *Bonsall v. Comly*, 44 Pa. 442.

*2. SAME: joint ownership of property: replevin.*

In *Servanti v. Lusk*, above cited, the property in question consisted of a span of horses, harness, and wagon, used in carrying vegetables from a farm to market. The court held that, where property is exempt under the laws of a state, it is none the less exempt because the debtor owns but an undivided interest in it, in common with a stranger to the judgment, and the court says: "To hold that, if a poor man be able to own a team by himself, it shall not be liable to sale under execution but if he be too poor to own it alone, and joins another poor man in making the purchase, so that each has but half the benefit contemplated by the Legislature, then neither shall be entitled to exemption would, in my judgment, be a most unreasonable interpretation of the law." The same doctrine is laid down in *Radcliff v. Wood*, 25 Barb. (N. Y.) 52.

It is true that some courts hold to a contrary doctrine. The defendant relies on *Wright v. Pratt*, 31 Wis. 99. The Wisconsin court holds that there may be exemptions in property held in common with another, but the exemption cannot be claimed unless the property so held is divisible. That is, it makes a distinction between divisible and indivisible property. In that court it was held that a tenant in common of personal property may claim his exemptions therein when the property is divisible in its nature, so that the share can be readily determined and set apart or apportioned with the consent of the other owner, but there seems to us no good ground for this distinction.

In the present case, the plaintiff owned the safe in common with his wife, each owning an undivided half interest. It was in his possession, and under his control, with the knowledge or consent of his wife. It was used in and about his business. The defendant, under the execution, made no claim against the interest of the wife. Therefore, as against the constable, the plaintiff had the right to the possession of his wife's interest in the property, and if his interest in the property was exempt, he had the right to hold that, too, as against the levy of attachment. He, therefore, had dominion over the entire property. He had a right to take it, use it, and keep it, and this right came to him from the other party having a joint interest with him in the property. He had dominion over the property, with the consent of his wife, and had a right to use it in connection with his business, and for the purposes for which it could, and would, be used were he the sole owner.

On the second proposition we hold that the safe was exempt, in the hands of the plaintiff, the same as office furniture and the supplies of a lawyer are exempt, as held in *Life Ins. Society v. Goode*, 101 Iowa, 160, and *Abraham v. Davenport*, 73 Iowa, 11.

3. SAME: exempt property: iron safe.

In *Davidson v. Sechrist*, 28 Kan. 324, it was held that an iron safe was exempt to an insurance agent and abstractor of titles, under a statute similar to ours, "as . . . tools and instruments used by the owner in carrying on his business." In this case the court said: "The exemption laws must receive a liberal construction for the purpose of carrying out their object and design, and one of the main objects . . . is that every person shall have the means of carrying on some useful business, and thereby of obtaining an honest livelihood."

In the case of *Re Estate of McManus*, 87 Cal, 292 (25 Pac. 413, 10 L. R. A. 567, 22 Am. St. Rep. 250), the California court held that a safe owned by a jeweler and watch re-

pairer is exempt, under a statute exempting from execution the tools and implements of a mechanic or artisan necessary to the carrying on of his business.

In *Betz v. Maier,* 12 Tex. Civ. App. 219 (33 S. W. 710), it was held that an iron safe is included among tools and apparatus exempt from forced sale. In this case the party claiming exemption was an insurance agent, and used the safe in which to deposit his notes and insurance policies, and other papers pertaining to his business as an insurance agent.

It is next claimed by the plaintiff that the notice served was insufficient, in that it failed to state truly the extent of interest in the property, from whom acquired; the considera-

4. SAME: notice of claim.
tion paid, and the nature of plaintiff's inter-est in the property. These requirements of the statute relate only to cases where a third person, a person other than the defendant, is claiming to be the owner of the property levied upon, and does not apply to cases where the defendant, admitting his ownership, seeks to have the property released on the grounds that it is exempt from execution. There is nothing in defendant's contention on this point.

On the whole record we think the case should be, and is, *Reversed and Remanded.*