### WARNER v. WILLARD et al.

No. 16021—Opinion Filed Dec. 22, 1925.

**1. Exemptions—Current Wages Retained by Employer.**

Past due wages, left voluntarily by the employe in the hands of the employer beyond the exemption period fixed by section 6596, Comp. St. 1921, amendatory of subdivision 16 of section 3342, Rev. Laws 1910, are not exempt under the section; but, where the wages are retained by the employer, over the protest and objection of the employe, the exempt character of such wages is not destroyed as to the exempt portion, although the exemption period may have expired, or the amount of such exempt wages has been reduced to a judgment.

**2. Same—Exemption Sustained.**

Record held to require that the judgment be reversed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by John Willard and Florence Willard against Frank M. Warner; the St. Louis-San Francisco Railway Company, garnishee. From the judgment, Frank N. Warner appeals. Reversed and remanded.

Louis N. Stivers, for plaintiff in error.

S. S. Lawrence, for defendants in error.

Stuart, Sharp & Cruce, W. F. Stratton, and Walker & Lee, for the garnishee.

Opinion by SHACKELFORD, C. John Willard and Florence Willard will be referred to herein as the plaintiffs, Frank M. Warner as defendant, and the railway company as garnishee, as they appeared in the court below.

The plaintiffs brought action against defendant for the sum of $249 for rent of a room at the Willard Hotel. The suit was filed in the district court of Creek county on the 25th of February, 1924. On the same day a garnishment affidavit was filed by plaintiffs, naming the St. Louis-San Francisco Railway Company as garnishee. A similar action had been filed for collection of the same debt, and garnishment process had been served upon the same garnishee for the same funds, on the 27th day of September, 1923, but the whole proceeding was dismissed by the plaintiffs without prejudice on the 14th day of February, 1924, and the action refiled as above noted. The defendant answered that he was not indebted to plaintiffs, and claimed that the account sued upon was forfeited for the reason that plaintiffs sought to garnish money in the hands of the garnishee, due him for wages, and did not limit the amount to 25 per cent. of such wages. His pleading further raises the question that the money held by the garnishee is wages earned within 90 days and had been garnished in another proceeding and tolled to the extent of 25 per cent. and the money remaining in the hands of the garnishee was the 75 per cent. residue and was exempt from seizure by garnishment, and demand had been made for the exempt portion, but it was kept by the garnishee against his will and consent, and it is still exempt under the law. The garnishee, by its amended answer, set up that it had no money or property of the defendant in its hands subject to garnishment. Its answer further discloses that the defendant had a valid judgment against the garnishee in the county court of Ottawa county in a case wherein the defendant was plaintiff and the garnishee was defendant, amounting to the sum of $389.31; that the said sum of money was owing for services rendered for April, May, June, July, and August, 1923, but had been withheld by the garnishee over the protest and objection of the defendant; that suit had been filed in the district court of Ottawa county against defendant by one Lee Tharp, and 25 per cent. of the amount owing to defendant for wages had been garnished in the hands of this garnishee, and that 25 per cent. had been paid to Tharp, and the money for which the said county court judgment was

rendered was the residue of 75 per cent. of his wages, and the judgment remained unpaid at the time the garnishee filed its answer in the instant case; that the said sum, being the 75 per cent. exemption, was not subject to be again garnished, although it had been merged into a judgment; also that the money was withheld pending final disposition of the former garnishment proceeding, and the Creek county district court was without jurisdiction over the funds for the reason that jurisdiction had been first obtained over the funds in the Ottawa county court. The garnishee prayed to be discharged.

The cause was tried upon an agreed statement of facts, which, in short, is about as follows: That the defendant, Frank M. Warner, has a family composed of a wife and two children; that defendant became indebted to plaintiffs in the latter part of 1922 and early part of 1923 for room rent in the amount sued for; that defendant was in the employ of the garnishee from April 15, 1923, to August 7, 1923, at $150 per month; that Tharp had sued defendant in the district court of Ottawa county and caused garnishment writ to be served upon the garnishee herein impounding 25 per cent. of defendant's wages up to July 26, 1923; that defendant demanded that the residue of 75 per cent. of his wages be paid to him, which demand the garnishee refused and held the money over defendant's protest; that the 25 per cent. impounded was paid by the garnishee under orders of the court, on September 6, 1923, but over defendant's protest the garnishee held the 75 per cent. and now holds it together with the full amount of the earnings of defendant from July 26 to August 7, 1923; concerning all of which the plaintiffs had knowledge; that defendant recovered a judgment in the Ottawa county court for 75 per cent. of his wages from April 15 to July 26, 1923, and all of his wages from July 26 to August 7, 1923, amounting to $389.31, which judgment was still unpaid; that the plaintiffs caused garnishment writ to be issued and served upon the garnishee in this proceeding on September 27, 1923; that on February 25, 1924, a second writ was issued against and served upon the garnishee impounding the same money.

Upon this agreed statement of facts the court entered a judgment in favor of the plaintiffs and against the defendant for $249 and costs, the amount sued for; and required the garnishee to pay to the court clerk sufficient of the money in its hands owing to defendant to take care of, the

115-8

judgment, costs, and the interest, so entered against defendant. The defendant and the garnishee filed motions for a new trial, which motions were overruled, and they or either of them allowed to file supersedeas bond in the sum of $800, but no supersedeas bond was given.

The defendant appeals from the order and judgment of the trial court requiring the garnishee to pay into court sufficient of his money in the hands of the garnishee to satisfy the plaintiffs' judgment against him, together with costs of the action and interest at the rate of 6 per cent. per annum from the date of the judgment.

The question here presented for consideration is whether or not the money sought to be impounded by the garnishment proceedings was exempt under the law.

It seems that the defendant's wages from April 15, 1923, to July 26, 1923, had been garnished in an action prosecuted in the district court of Ottawa county, and there judgment had been entered against the garnishee for 25 per cent. of the wages, and such 25 per cent. had been paid. The defendant had demanded the 75 per cent. residue, but the garnishee had withheld the exempt portion over the defendant's protest.

The defendant in error makes the contention that, since the money remained in the hands of the garnishee, and was finally reduced to a judgment, it lost its exempt character and stood subject to garnishment by the creditors of the defendant. This, no doubt, would be correct if the money had been left in the hands of the garnishee voluntarily. No doubt the same rule should apply as if the defendant had collected it and placed it in a bank; if the money had been left in the hands of the garnishee voluntarily for the convenience and by the pleasure of the defendant. In such case its exempt character would be destroyed when the time fixed by statute had passed; that is, when three months had elapsed after the money had been earned. But such was not the case. It seems that defendant's exempt money was being withheld from him against his will and over his protest; and he finally filed a suit and reduced it to a judgment. The agreed statement of facts shows that he was making every effort to get his exempt money, the 75 per cent. left after satisfying the Tharp judgment.

In Davidson v. Lodgeman Chair Co. (Tex. Civ. App.) 41 S. W. 824, the Texas court had under consideration the effect of a constitutional provision providing that "no cur-

rent wages for personal services shall ever be subject to garnishment." The court held:

"Past due wages voluntarily left by the employe in the hands of the employer cease to be current wages, and are not exempt" under the constitutional provision. But "past due wages, which the employe leaves with the employer because he is unable to collect them, do not cease to be current wages, and are exempt" under the constitutional provision.

In Childress v. Franks (Oppenheim et al., garnishees) (Tex. Civ. App.) 44 S. W. 868, the Texas court held the exemption 'did not terminate, since the wages were "not left with his employers knowingly and voluntarily."

In this state wage exemption is fixed by statute. Section 3342, Rev. Laws 1910, in a subdivision, provides that wages shall be exempt to the head of a family as follows:

"Sixteenth: All current wages and earnings for personal or professional services, earned within the last 90 days."

This provision was later amended and is carried forward as section 6596, Comp. St. 1921, and is as follows:

"Seventy-five per cent. of all current wages or earnings for personal or professional services earned during the last 90 days."

Thus the Legislature provided that 75 per cent. of wages earned in the preceding 90 days are exempt from seizure. The purpose of the Legislature is plain. Protection of the wage earner and his family was the purpose in mind; and it becomes the duty of the court to give it effect for the purpose intended. It seems certain that at the time Tharp's garnishment proceedings were begun, nearly all of the money now sought to be impounded was exempt under the statutory provision above quoted. It is just as certain that it was withheld by his employer after a sufficient demand, and over the defendant's protest. His exempt money, then, falls within the rule adopted by the Texas court in the cases cited. We are not unmindful that the Iowa court, in Chadwick v. Stout, 83 N. W. 901, appears to have adopted a different view of the effect of a similar wage exemption statute. In that case the Iowa court seems to hold that, even though the exempt wages were kept by the employer against the will of the employe beyond the exemption period, making it necessary for the employe to sue, the wages had lost their exempt character. We are reluctant to adopt any such rule, for the reason that such a rule would make it possible, even easy, to circumvent the exemption provision of our statute, and destroy the right to the exemption. If such were the rule, an employer could refuse payment of exempt wages until the period of exemption had expired, and render them subject to garnishment. It seems that a mere suggestion is sufficient to make the vice of such a rule apparent. We think the better rule is to hold that exemption right can be destroyed only by the voluntary act of the wage earner, to whom is accorded the right by statute. Such a rule is consonant with the legislative purpose and intention. We think, and so hold, that the correct rule is that where the exempt wages are withheld from the employe against his demand and over his protest, the exempt character of the wages is not destroyed, even though the exemption period of 90 days has elapsed or the employe has reduced his claim to a judgment.

The plaintiffs, however, contend that the original garnishment proceeding was dismissed on the 18th of February, 1924, and was not renewed until the 25th of February, 1924, and thus there was seven days during which defendant acquiesced in the garnishee holding his exempt money, and that such acquiescence destroys the exemption right. It seems to us that such contention is untenable. No summons was served upon the defendant, and it is quite probable that he did not know that the proceeding had been abandoned, and dismissed, until the proceedings were renewed by refiling the case and renewing the garnishment proceedings. Even if he had known that the proceedings had been dismissed, he could not have made much headway in getting his money, when the garnishee was reluctant to give it up. It certainly was not sufficient time to collect the money by execution.

In the journal entry of judgment is the following:

"The court concludes as a matter of law that wages earned within 90 days subsequent to the time of instituting an action and causing garnishment summons to be served upon the garnishee are exempt as to 75 per cent. of such wages under the statutes (section 6596, Bunn's Annotated and Revised Statutes of the State of Oklahoma), but the court concludes that this cause does not come within the statute, for the reason that the garnishee herein stands in the relation of judgment debtor and is indebted to the defendant in this cause on account of a judgment rendered by the county court of Ottawa county, state of Oklahoma, and that therefore the plaintiff is entitled to recover as against the defendant the amount herein sued for, together with the costs of this ac-

tion, and said garnishee is liable for said amount."

It was erroneous to hold that the garnishee was liable to the plaintiffs for the amount of plaintiffs' judgment, under the circumstances presented here. Following the judgment for plaintiffs against defendant, the court ordered the garnishee to pay to the court clerk sufficient of defendant's money in its hands to satisfy plaintiffs' judgment. Whether this was sufficient as a judgment in plaintiffs' favor and against the garnishee, it is not necessary to determine, since all the parties seem to treat it as a judgment against the garnishee. It seems, from the agreed statement of facts, that there was a small portion of defendant's money held in the hands of the garnishee which was subject to garnishment, and might have been reached by a proper writ. His wages from April 15 to July 26, 1923, had been tolled to the extent of 25 per cent., all that was not exempt, in the garnishment proceeding instituted by Tharp. Under the rule announced herein the remaining 75 per cent. was exempt, and the court should have so held. There was also the entire wages earned from July 26 to August 7, 1923, retained in the hands of the garnishee. Of this sum 25 per cent. was subject to garnishment under the statute, and the residue of 75 per cent. was exempt.

The plaintiffs contend that since the money was to be applied to payment for room rent, the exemption should not be upheld, because the exemption is in favor of the family and to pay necessary living expenses. Such contention cannot be upheld. To uphold such contention would amount to unwarranted legislation upon the part of the court, directing the expenditure of exempt money. The Legislature made it possible, by giving the exemption right, for the wage earner to pay current bills, but there is no provision taking away the exemption right if the money has been appropriated to pay the current family expenses. The exemption right was granted by the statute, and the wage earner has the right to use it for any purpose he wishes, so far as any power the court has to direct in the matter is concerned.

The judgment and order appealed from is reversed, and the cause remanded to the district court of Creek county, with directions to set aside the order and judgment requiring the garnishee to pay into court the defendant's exempt money, and for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.

Note.—See under (1) 25 C. J. pp. 69, 70, § 110; 11 R. C. L. 524.