HELEN CHADER, Appellant, v. FRED WILKINS, Sheriff, et al., Appellees.

No. 44643.

FEBRUARY 15, 1939.

S. Trevarthen, for appellant.

J. W. Jordan and T. J. Mahoney, for appellee.

BLISS, J.—On February 1, 1912, defendant, Dahlberg, obtained a personal judgment against Bradford M. Brooks, otherwise known as B. M. Brooks, in the Boone district court. The judgment not having been paid, Dahlberg brought suit thereon, in the same court, and obtained judgment against Brooks, on September 22, 1931. This judgment was not paid. On May 23, 1936, the father of Brooks died testate, devising a quarter section of land, in Boone county, to the wife of the judgment debtor. She died intestate, on December 4, 1936, seized of the land, leaving her husband surviving, and her daughter, Helen Chader, the appellant, as her only heir at law. On December 15, 1936, the judgment debtor quitclaimed his statutory one-third interest in the land to the appellant. In March 1938, the appellee, Dahlberg, caused execution to issue on the judgment of September 22, 1931, and the appellee, Wilkins, sheriff of Boone county, levied upon the interest, of the judgment debtor, Bradford M. Brooks, in said land. On April 13, 1938, the appellant filed her petition, in equity, alleging the matters stated above, and further alleging that the judgment of Dahlberg was barred by the statute of limitations, and prayed for a temporary injunction to avoid the sale. The temporary writ was

issued. On May 27, 1938, the appellant amended her petition by striking out the paragraph alleging the procurement of the judgment, and averred instead that Dahlberg had attempted to obtain such judgment, but had failed because no original notice of the action had ever been served on Bradford M. Brooks. Dahlberg filed answer admitting that the appellant had derived and held title to the land as she alleged, but averred that she held title subject to the lien of his judgment upon an undivided one-third interest therein, and denied all other allegations of the appellant. Dahlberg also filed cross-petition asking that the lien of his judgment be established against said one-third interest, and that upon the execution sale thereof, all title and interest of the appellant therein be barred. From a decree for the appellees, this appeal was taken.

But two issues were presented in the trial below, and they alone are submitted for the determination of this court.

I. The first issue is purely one of fact and involves the question of whether service of an original notice was had upon Bradford M. Brooks, in the action upon the original judgment of February 1, 1912, in which the judgment of September 22, 1931, was obtained. This judgment entry recites that the court found that a good and sufficient original notice had been duly and timely served upon the defendant therein. On the original notice which was filed, July 24, 1931, in the office of the clerk of the district court, was this return of service:

"State of Iowa, Boone County, ss:

"Received the within notice this 16th day of July, A. D. 1931, and on the 23d day of July, A. D. 1931, I personally served the same on the within named B. M. Brooks by reading the original to him and delivered to him a true copy thereof. All done in Boone County, Iowa.

"Pardie L. Moore,

"Sheriff of Boone County, Iowa."

 Sheriff Moore identified his signature on the return and testified positively that he served the notice as stated therein, and identified Brooks, in the courtroom, as the person upon whom he made the service. Brooks testified that he was in northern Minnesota from July 2, 1931, to the very last of that month, and that the notice was not served. A fishing friend, who was not with him in Minnesota during that month, testified

that Brooks was in Minnesota at the time stated. Because of conflict in the testimony of this witness and that of Brooks, the trial court found that each might well have been mistaken as to the year. Because of the failure of the appellant to introduce the testimony of two witnesses whom Brooks claimed were with him in Minnesota in July 1931, and because of her failure to introduce a register kept at the fishing lodge showing the identical periods that Brooks was there each year, the trial court held that the appellant had failed to establish the nonservice of the notice with that character of proof requisite to overthrow the testimony of the sheriff and his return of service. This testimony and evidence, according to the appellant, was all available to her. In speaking of a similar situation, Justice Evans, in Nehring v. Hamilton, 210 Iowa 1292, 1295, 232 N. W. 655, 656, said:

"In weighing this evidence, the judicial mind naturally seeks for just such corroboration. The failure to produce the same or to explain such failure tends to impeach the evidence of the uncontradicted witness, * * *."

As stated in Des Moines Coal & Coke Co. v. Marks Inv. Co., 197 Iowa 589, 590, 195 N. W. 597, 598, 197 N. W. 628:

"It is well settled in this state, and doubtless in all other jurisdictions, that a very strong presumption obtains in favor of the return of an officer, and that it cannot be impeached except by very clear and satisfactory proof."

Heater v. Bagan, 206 Iowa 1301, 221 N. W. 932; McWilliams v. Robertson, 180 Iowa 281, 163 N. W. 198; Thompson Bros. v. Phillips, 198 Iowa 1064, 200 N. W. 727; Stier v. Iowa St. Trav. Men's Assn., 199 Iowa 118, 127, 201 N. W. 328, 59 A. L. R. 1384; Wyland v. Frost, 75 Iowa 209, 39 N. W. 241; Hoitt v. Skinner, 99 Iowa 360, 68 N. W. 788; Pyle v. Stone, 185 Iowa 785, 171 N. W. 156. We are not disposed to, in any wise, relax the force of this presumption. During the terms of their office, sheriffs and other process-serving officers serve many notices. In many cases the service is upon persons little known to them. Memory is at best frail, and the official return of service is by far the most trustworthy evidence. In fact there is much authority that as between the parties and privies to the suit and others whose rights are necessarily dependent upon

it, the return of the officer is conclusive, unless its falsity is disclosed by some other portion of the record in the case. 21 R. C. L. 1321.

■ This case is triable de novo here, but the trial judge had the witnesses before him and his finding is entitled to weight because of that fact. Pyle v. Stone, Thompson Bros. v. Phillips, supra. The appellant failed to carry the burden on this issue.

II. Appellant also complains that the trial court erred in holding that she took the undivided one-third interest of her father subject to the lien of the Dahlberg judgment. It is her contention that the judgment of September 22, 1931, was not, of itself, a lien upon the one-third interest in the land which vested in him by reason of his wife's intestacy, but that this lien could be made effective only by and when a levy was made on the land under the execution issued on the judgment, and since the judgment debtor had parted with that interest prior to the levy, the appellant took the land unincumbered by the lien of the judgment or the levy. We cannot agree with this contention.

Section 11602 of the Code of Iowa for 1924, and of the Codes for the subsequent years, provides:

"Judgments in the supreme or district court of this state, * * * are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all he may subsequently acquire, for a period of ten years from the date of the judgment."

Section 11007, of the same Codes, which is the general statute of limitations, provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * 7. *Judgments of courts of record.* Those founded on a judgment of a court of record, whether of this or of any other of the United States, or of the federal courts of the United States, within twenty years."

Section 11602 plainly states that the lien, therein provided for, continues for a period of ten years from the date of the judgment, and section 11007 as plainly infers that the life of

a judgment continues for a further period of ten years after the expiration of the lien, or a period of twenty years from the date of the judgment, and expressly provides that a cause of action may be brought on said judgment before the expiration of the twenty-year period.

The obligation of such a judgment defendant is a debt, and an action brought on a judgment is ex contractu, regardless of the nature of the original cause of action on which the judgment was recovered. Johnson & Stevens v. Butler, 2 Iowa (Clarke) 535; Spilde v. Johnson, 132 Iowa 484, 109 Iowa 1023, 8 L. R. A. (N. S.) 439, 119 Am. St. Rep. 578; Ohio Casualty Ins. Co. v. Galvin et al., 222 Iowa 670, 269 N. W. 254, 108 A. L. R. 1036. A judgment, duly entered, has been described as a contract of record. Edwards v. Popham, 206 Iowa 149, 220 N. W. 16.

The action brought by Dahlberg in 1931 upon the 1912 judgment was nothing more than an action to obtain a judgment on a contract. As stated in Weiser v. McDowell, 93 Iowa 772, 776, 61 N. W. 1094, 1095, "this is not an action to revive a judgment, but upon a 'contract of the highest character,' and upon which recovery may be had 'as upon any other contract.' " There is nothing in the nature of a judgment procured upon a judgment that distinguishes it from any other judgment, or that excepts it from the provisions of Code section 11602. Such a judgment creates a lien of the same force and effect upon the real estate of the judgment debtor as does any other judgment of a district court. 34 C. J., page 585, section 896. Mudge v. Livermore, 148 Iowa 472, 123 N. W. 199; Boyle v. Maroney, 73 Iowa 70, 35 N. W. 145, 5 Am. St. Rep. 657; Haven & Buck v. Baldwin, 5 Iowa 503.

Since less than ten years had passed since the procurement of the 1931 judgment, it became a lien on the one-third interest of Bradford M. Brooks, as soon as he became vested with title on December 4, 1936, and the appellant as grantee in the quitclaim deed of Brooks, of December 15, 1936, took the land conveyed thereby, subject to the lien of the appellee, Dahlberg's judgment. The decree of the trial court is therefore affirmed.—Affirmed.

MITCHELL, C. J., and STIGER, SAGER, HALE, and MILLER, JJ., concur.