*673 OPINION.
Akundell:
Petitioner contends that its gross income should not include the rents, dividends, and interest from the nonparticipating insurance because under the contract of May 15, 1919, it carried such insurance only for purposes of liquidating it and for the sole benefit of stockholders of the stock company, hence any receipts from it were received by petitioner as trustee for the stockholders. The respondent’s position is that the contract of May 15, 1919, between the companies created no trust agreement, but is purely a contract of purchase and sale.
Looking at the contract itself and considering only what lies within its four corners, it appears plainly to be a contract of purchase and sale. Under its terms the Mutual Co. purchased all the assets of every kind of the Stock Co., the consideration being the assumption of the Stock Co.’s liabilities and the payment of the earnings from a part of the business to the former stockholders of the Stock Co. We fail to see any ground for construing as a trust that part of the agreement providing for the payment of earnings from the nonparticipating department to the former stockholders. While it may be that the amount of assets attributable to the nonparticipating insurance was ascertainable, the evidence is clear that there was no segregation of assets; nothing was set aside which could be labeled a trust fund. Moreover, a part of the assets taken over by the Mutual Co. consisted of securities on deposit with the State Insurance Department as a reserve for the protection of policyholders and as long as that state of facts continued it is difficult to see how such securities could be impressed with a trust in favor of the stockholders. The relation of the stockholders to the transaction seems to us to be that of third persons for whose benefit the contract was made, in so far as the nonparticipating business is concerned, rather than that of cestuis que trustent. The practice in Iowa, where this contract was made and was to be performed, allows such third persons to sue on the contract and it is not necessary for them to proceed in equity as they would if a trust were involved. Weiser v. Ross, 150 Iowa 353; 130 N. W. 387, 390; Young v. Bierschenk, 199 Iowa 309; 201 N. W. 591, 593. See also Hendrick v. Lindsay, 93 U. S. 143.
Petitioner’s counsel attempts to distinguish this case from cases of contracts for the benefit of a third party and quotes from Willis-ton on Contracts. That author, on pages 676 and 677 states:
*674 Whenever property is delivered to one person under such circumstances that the legal title passes to him, but he undertakes to deliver that specific property or its proceeds to a third person or use the property for his benefit, the relation of trustee and cestui que trust arises. * * * The inquiry whether a specific fund or res is to be transferred to the beneficiary furnishes a ready test.
This quotation, which is pointed to by the petitioner, emphasizes the shortcomings of petitioner’s case, because, as pointed out above, there was no specific property or fund transferred to the petitioner for the benefit of the stockholders. The property and business of the old company was transferred en masse and as far as we can find no part of it was earmarked in any way that would distinguish it from any other part of the property involved. While the contract provides and the testimony is to the effect that a separate gain and loss statement was to be made up for each department, it is not shown just how this was accomplished. It is said that certain items such as mortality savings and taxes were definitely ascertainable, but “ the expense, interest earnings, and things of that kind are divided between the two departments under plans or methods approved not only by the Iowa department, but a number of others.” It is also testified that “ the interest is figured as average earnings of the company.” It would seem to us if there were any fund or property here sufficiently definite in quantity that it could be called a trust fund, the income and expenses ascribable to it would also be definite and it would not be necessary to resort to any method of averaging or allocation.
The evidence does not establish that the petitioner operated the nonparticipating business as a trustee for the sole benefit of the stockholders of the stock company, and the respondent’s inclusion in petitioner’s income of the interest, dividends, and rents of the nonparticipating department is approved. It appears, however, from the stipulation, and the amendment thereto filed by the parties, that the amounts of such income may be different from that upon which the respondent computed the deficiencies. Accordingly,

Decision will be entered under Rule 50.