ISAAC MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

S. N. KUTTNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAX M. KUTTNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36586–36588. Promulgated July 22, 1930.

*Ward Loveless, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SMITH: The petitioners contend that the disputed amounts paid to them by the Rome Furniture Co. were proceeds of a life insurance policy paid upon the death of the insured and are therefore within the specific statutory exemption. Section 213 of the Revenue Act of 1921 provides in part:

That for the purposes of this title (except as otherwise provided in section 233) the term " gross income "—

(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

(b) Does not include the following items, which shall be exempt from taxation under this title:

(1) The proceeds of life insurance policies paid upon the death of the insured.

The petitioners contend that by virtue of the agreement entered into between Forster and the Rome Furniture Co. during 1921 they, the petitioners, and other individuals were the actual beneficiaries under the insurance policy and that the Rome Furniture Co. in receiving and disbursing the proceeds of the policy acted merely as trustee or agent for the beneficiaries. The respondent contends, on the other hand, that the Rome Furniture Co. was the beneficiary and that it received the proceeds of the policy and distributed them to the individual stockholders as a dividend. The respondent makes the alternative contention that the amounts distributed to the petitioners constitute " ordinary income " taxable to them at both normal and surtax rates upon the basis of a gain measured by the difference between their pro rata interests in the premiums paid on the policy by the company and the amounts received by them out of the proceeds of the policy. Respondent has moved for an increase in the proposed deficiencies to be computed upon that basis, should the Board sustain the alternative contention.

We can not agree with petitioners' contention that they, rather than the Rome Furniture Co., were the beneficiaries under the insurance policy. The insurance contract named the company as sole beneficiary and it does not appear that the policy was ever changed in this respect. It is not shown that the insurance company ever approved or was ever given notice of the collateral agreement between the insured and the named beneficiary. In any case, the consent of the insurer was essential to a valid change of beneficiary and there is no evidence before us that such consent was given. The effect of the agreement, as we interpret it, was no more than an assignment by the corporation of its benefits under the insurance policy to the petitioners and other stockholders. Apart from the assignment, the individual stockholders, so far as is shown, had no rights whatever in the proceeds of the policy. The premiums had all been paid either directly or indirectly by the company. The stockholders individually were not even parties to the collateral agreement between the company and the insured.

Looking to the agreement itself, it specifically provides that that part of the proceeds of the policy not belonging to and immediately to be paid over to the insured's estate " shall be and become the property of the party of the first part [the company], to be disbursed among the stockholders."

Would the proceeds of the policy in the hands of the company have been subject to the rights of creditors of the company? At

least to the extent of the amount of premiums paid by the company out of corporate funds, we think that creditors would have had a valid claim on the proceeds of the policy. The amount of these premiums, however, is not shown.

If, then, the corporation received a part of the proceeds of the policy as its own funds and later distributed it to certain of the stockholders in proportion to their stockholdings, did such distribution constitute a taxable dividend to the distributees? Section 201(a) of the Revenue Act of 1921 defines a dividend, with certain exceptions not material here, as, " any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913 * * *."

At this point a serious question might arise as to whether, in view of the reasoning of the Supreme Court in *United States* v. *Supplee-Biddle Hardware Co.*, 265 U. S. 189, the proceeds of a life insurance policy in the hands of the beneficiary may be said to constitute " earnings or profits " out of which dividends could be paid. We quote from the opinion in that case:

Nor do we find any difficulty with the expression in paragraph (b) which *exempts* proceeds of life insurance from gross income. The word is used, not to indicate that they would be otherwise included in the income to be taxed, but only to make clear that the gross does not include them.

* * * * * * *

* * * The benefit to be gained by death had no periodicity. It is a substitution of money value for something permanently lost, either in a house, a ship, or a life. Assuming, without deciding, that Congress could call the proceeds of such indemnity, income, and validly tax it as such, we think that, in view of the popular conception of the life insurance as resulting in a single addition of a total sum to the resources of the beneficiary, and not in a periodical return, such a purpose on its part should be express, as it certainly is not here.

Looking further to the statute, however, we find the provision in subdivision (b) of section 201 that " For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913 * * *."

The evidence before us does not disclose what earnings, if any, accumulated since February 28, 1913, the company had on hand at the time of the distribution in question to the petitioners. If there were any such earnings on hand at the date of distribution, the recipients of the distributions would be liable to tax upon them as dividends. If there had been no such earnings or profits or if such earnings or profits had been less than the amount distributed, then, interpreting *United States* v. *Supplee-Biddle Hardware Co.*, *supra*, to mean that the proceeds of a life insurance policy are not income,

section 201(c) would apply to reduce the basis for the purpose of determining the gain or loss to the distributees upon the sale of their shares of stock. Upon the evidence this disposition of the question is not open to us.

The respondent's determination that the petitioners are taxable upon the distribution results in no inequities for the corporation. It had paid, either directly or indirectly, all the premiums on the insurance policy presumably out of its earnings that would otherwise have been taxable to the petitioners upon distribution. The respondent's determination, we think, must be approved.

*Judgment will be entered for the respondent.*