EDWIN LINDSEY CUMMINGS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE L. WEBB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM N. STETSON, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60321, 60401, 64923. Promulgated August 11, 1933.

*Samuel Gottlieb, Esq.*, for the petitioners.
*Thos. F. Callahan, Esq.*, and *E. G. Sievers, Esq.*, for the respondent.

1046

OPINION.

SMITH: The petitioners contend that they and the other stockholders, and not the corporation, were the beneficiaries of the insurance policies on the life of William B. Stevenson; that the proceeds from such policies were received by the corporation as trustee for the stockholders and not as its own funds; and that the amounts of the proceeds distributed to the stockholders were therefore not dividends but were " amounts received under a life insurance contract " and as such are exempt from taxation under the provisions of section 22 (b) (1) of the Revenue Act of 1928. This section of the statute reads as follows:

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

(1) Life insurance.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income).

Section 22 (a) provides that:

(a) *General definition.*—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.

The term "dividend" is defined in section 115 (a) as:

(a) *Definition of dividend.*—The term "dividend" when used in this title (except in section 203 (a) (4) and section 208 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.

Conceivably, the corporation might have acted lawfully as a trustee or at least in a fiduciary capacity in collecting the proceeds of insurance policies and paying them to the stockholders, with the result that the proceeds would never have become the corporation's own funds subject to distribution to the stockholders as dividends. This would have been true, no doubt, if the insurance policies had been taken out in the names of the individual stockholders, with the corporation designated merely as agent for them, the premiums on the policies being paid by the stockholders. These, however, are not the facts. The policies were all made payable to the corporation as sole beneficiary and the corporation paid all the premiums. The corporate resolutions of January 10, 1927, and February 14, 1928, both refer to the corporation as the insurer of the life of William B. Stevenson. The agreement between the corporation and the stockholders was not that the corporation would merely receive the proceeds of the insurance policies for the benefit of the stockholders, but that, upon receipt of the proceeds of the policies, it would pay them over to the stockholders *as a cash dividend.* Nowhere is there any reference to the corporation as a trustee nor are there present any circumstances which can be said to create a resulting trust in favor of the stockholders. It does not appear that there was any consideration for the promise of the corporation to distribute the proceeds as a cash dividend. It is not explained why, if the corporation was intended to be only the nominal beneficiary, it paid all of the premiums on the policies. There is nothing to indicate that either the corporation or the individual officers or stockholders considered the payment of the premiums as a distribution of corporate

funds in the nature of dividends or as additional compensation to any of the officers or employees. See *Berizzi Brothers Co.*, 16 B.T.A. 1307; *Brown Agency, Inc.*, 21 B.T.A. 1111. We see no reason for treating the agreement between the corporation and the stockholders as anything different from what it purports to be, that is, an agreement that the corporation would declare and pay " a cash dividend " out of the proceeds of the insurance policies when and if received.

In *Isaac May*, 20 B.T.A. 282, we held upon facts very similar to those in the instant case that the distribution by a corporation of certain of the proceeds of a life insurance policy on its president was a taxable dividend to the stockholders. There, as in the instant case, the corporation had agreed in advance to distribute the proceeds, when received, upon a certain basis. In deciding that the corporation and not the distributees was the beneficiary under the insurance contracts, we rejected the petitioner's contention that the corporation received and distributed the proceeds of the policy as a trustee for the stockholders.

The petitioners in their brief cite *Curran* v. *Commissioner*, 49 Fed. (2d) 129, as sustaining their contention that a distribution by a corporation is not necessarily a dividend because declared to be a dividend by the corporation and made in the corporate form of a dividend. In that case the court held, reversing the Board, 15 B.T.A. 960, that a distribution made to a stockholder was in reality payment for certain property which the stockholder had transferred to the corporation, and was not a taxable dividend. That case is clearly distinguishable on the facts from the instant case and is not authority for the conclusion herein sought by the petitioners. The same is true of *Central Life Assurance Society* v. *Commissioner*, 51 Fed. (2d) 939 (reversing 18 B.T.A. 667), also cited by the petitioners. The court held in that case that where the petitioner, a mutual company, succeeded to the business of a predecessor stock company, agreeing as part consideration to pay to the former stockholders all of the income for a certain period from the nonparticipating insurance taken over, such income was not taxable to the petitioner, but was received in trust by it for distribution to the former stockholders. Certainly we would not feel compelled to hold that the distributions of the proceeds of the insurance policies to the petitioners constituted cash dividends merely because so termed by the corporation if, upon the evidence before us, it appeared that the distributions were made by the corporation as trustee or were other than distributions of its own assets.

The petitioners make the further contention that since the proceeds of life insurance policies are not income or profits under the decision

of the Supreme Court in *United States* v. *Supplee Biddle Hardware Co.*, 265 U.S. 189, any payment or distribution of such proceeds by a corporation to its stockholders does not come within the statutory definition of a dividend, which is " any distribution made by a corporation to its shareholders  *  *  *  out of its earnings or profits " (see sec. 115 (a), Revenue Act of 1928.)  This contention also was made by the taxpayer in *Isaac May, supra,* and was rejected for reasons therein discussed.

On the record before us, we find no error in the respondent's determination that Storrs & Bement Co. was the beneficiary of insurance policies on the life of William B. Stevenson and that it received the proceeds of the policies and paid them over to its stockholders as cash dividends.  If the dividends were paid from earnings accumulated subsequent to February 28, 1913, the recipients are liable to surtax upon them.  The evidence indicates that they were.  It does not prove that they were not.

*Judgment will be entered for the respondent.*