Thomas F. Doran, et al. [1] v. Commissioner. Doran v. Commissioner
Docket Nos. 51871-51874, 51877-51880.
United States Tax Court
T.C. Memo 1956-121; 1956 Tax Ct. Memo LEXIS 175; 15 T.C.M. (CCH) 629; T.C.M. (RIA) 56121; May 18, 1956
*175 Roy E. Lowe, Esq., Spokane & Eastern Building, Spokane, Wash., for the petitioners. Gordon N. Cromwell, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in income tax of the petitioners for 1947 as follows: Petitioner
Dkt. No.
Deficiency
Thomas F. Doran
51871
$ 884.56
Ethel M. Doran
51872
922.06
Oney S. Riggs
51873
854.74
Dorothy F. Riggs
51874
854.74
Ida Bee MacDonald
51877
984.25
Clara Nieman
51878
5,582.16
Gus H. Nieman
51879
5,491.91
John W. MacDonald
51880
984.25
The issue for decision is whether petitioners as stockholders of a corporation received taxable dividend distributions by the application on the purchase price of stock in that corporation for their accounts of the proceeds of a life insurance policy, the premiums upon which had been paid by the corporation. Findings of Fact All the stipulated facts are found accordingly. These cases have been consolidated for trial and opinion. At all times material herein the following petitioners were and still are husband and wife: Thomas F. Doran and Ethel M. Doran; Oney S. Riggs *176 and Dorothy F. Riggs; John W. MacDonald and Ida Bee MacDonald; and Gus H. Nieman and Clara Nieman. Each petitioner filed his or her separate individual income tax return for 1947 with the collector of internal revenue at Tacoma, Washington. Inland Motor Freight, hereinafter referred to as Inland is a Washington corporation with its principal office in Spokane. During the year at issue it was a public carrier of freight and commodities for hire. All of the husband-petitioners herein and Grover C. Ealy had been since 1943, and continued to be in 1947, stockholders and actively engaged in the operation and management of Inland. Ealy died on March 19, 1947. All were members of the board of directors. Ealy was principal stockholder and president of Inland at his death. There were in addition four other stockholders not involved in this controversy. Prior to July 3, 1943, informal discussion among Inland's stockholders began concerning the accumulation of a fund for the purchase of the stock of any deceased stockholder for the surviving stockholders. A special stockholders' meeting was held on that date at which it was formally resolved that Inland "purchase and pay for" insurance upon *177 the lives of certain of its stockholders as follows: "G. C. Ealy
$50,000
G. H. Nieman
35,000
Oney S. Riggs
10,000
J. W. MacDonald
10,000
T. F. Doran
10,000
G. B. Halverson
10,000" and "that a contract be worked out among the stockholders whereby this insurance should be purchased, the premiums to be paid by the company and upon the death of either of those insured, the face of the policy on the one so deceased should be paid to the company and disbursed by the company to all of the stockholders as a special dividend and the proceeds received by said stockholders as a special dividend to be used by them to apply on the purchase of the stock in the Inland Motor Freight of the one so deceased." In pursuance of the resolution, Inland, on July 14, 1943, made application to a life insurance company for the issuance of an insurance policy upon the life of Ealy in the face amount of $50,000, it being requested that Ealy's estate be the beneficiary. Similar applications were also made with respect to the other stockholders in accordance with the referred to corporate resolution. The insurance company, refusing to issue the policies with proceeds payable to the *178 estates of the respective assureds, issued in lieu thereof policies which were payable to Inland on the death of the insured. Inland's officers refused to accept such policies and, on October 25, 1943, a special meeting of the board of directors was held at which it was resolved that Inland "purchase said insurance" in the manner set forth in a contract entered into by and between the majority of the stockholders, dated July 10, 1943. The contract of July 10, 1943, provided that the president, vice-president, and secretary and treasurer of Inland, who were G. C. Ealy, Gus H. Nieman and O. S. Riggs, respectively, were authorized and directed as trustees to apply for and obtain the designated life insurance with themselves, as trustees, named the beneficiaries thereof, and with Inland to pay the premiums thereon; and that, upon the death of any insured, the proceeds of the policy insuring his life be collected by the trustees and distributed by them to the surviving stockholders of record at the time of such death in proportion to their stock ownership. It was further there provided that "said proceeds when distributed may be used by the then stockholders to purchase the common stock *179 in the company held by the one so deceased at the time of his death." Each of the signatories to the contract and their respective wives further agreed that upon the death of any of them the Inland common stock then owned by the deceased would be offered for sale at book value to the surviving stockholders for a period of 90 days. On December 20, 1943, an application was made by the trustees for life insurance upon the lives and in the amounts above listed. In due course the policies were issued and delivered to the three trustee-beneficiaries. Upon the death of Ealy on March 19, 1947, petitioner, Gus Nieman, was elected president of Inland, petitioners, J. W. MacDonald and Thomas Doran, were elected vice-presidents, and the three with petitioner, Oney Riggs, then became the trustees under the terms of the July 10, 1943, agreement. As such, they received the proceeds of the policy of insurance upon the life of Ealy in the amount of $50,785.30. The executor of Ealy's estate entered into negotiation with the surviving signatories of the July 10 agreement for the sale and purchase of the Inland stock belonging to Ealy at his death. The negotiations resulted in a written agreement *180 by the terms of which such stock was sold to Gus Nieman, Thomas Doran, Oney Riggs, John MacDonald and G. B. Halverson at a sale price of $143,820. A down payment of $50,000 was made to the seller by the trustees by endorsement to him of the check which represented the proceeds of Ealy's life insurance. In accordance with the sales agreement the stock was forthwith deposited with an escrow agent to await completion of payment of the purchase price at which time the stock was to be delivered to the above-named purchasers. As members of the marital community consisting of the various petitioner-husbands and-wives, the communities were bound by and received the benefits of the stock purchase agreement, and, in accordance with the community property law of Washington, the respondent has determined deficiencies against the petitioner-wives as well as their husbands. All premiums upon the policy of life insurance here involved covering the life of Ealy were paid by Inland directly to the issuing insurance company and were charged against surplus on Inland's books. No income tax deduction was at any time taken or claimed by Inland for the payment of such premiums. No charge to Ealy was made *181 upon the corporation's books for such premium payments and none of Inland's shareholders have reported such premium payments as dividends. The corporation did not claim or receive dividends on any of the policies of insurance here involved and did not carry the policies as an asset upon its books, either as to accrued dividends or cash surrender value. The corporation at no time physically received the proceeds of the insurance upon the life of Ealy. In making application for the policy of insurance upon the life of Ealy and in claiming, receiving and disbursing the proceeds thereof at Ealy's death, the trustees were acting for and in behalf of Inland. Opinion Petitioners contend that Inland has never become the owner or possessor of the proceeds of the insurance on the life of its one-time president and principal stockholder, Grover C. Ealy, and that it, therefore, follows the corporation could not and did not distribute such proceeds to petitioners. Their contention is predicated upon the proposition that the stockholders, as individuals, have contracted with each other with respect to the application for such life insurance, the claim for the proceeds thereof, the receipt *182 of the proceeds and the purchase of the deceased's Inland stock for the benefit of petitioners and that Inland was not a party to that contract. We are not impressed with their contention. Careful consideration of the minutes of the stockholders' meeting of July 3, 1943, the application for insurance upon the life of Ealy, the minutes of the board of directors' meeting of October 25, 1943, and the stockholders' contract, wherein it was agreed such insurance should be obtained and, in case of the death of an insured, the disposition of the proceeds of such insurance, amply justify our finding of fact that the trustees, in applying for the insurance and in receiving and disbursing the proceeds thereof, were acting for and in behalf of Inland. They were its agents for those purposes and did not represent the stockholders as individuals. It follows that Inland received the proceeds of the Ealy policy which, although not representing income in its hands, United States v. Supplee-Biddle Hardware Co., 265 U.S. 189, did represent income to petitioners, its stockholders, when distributed to them through the purchase of stock for their benefit. Isaac May, 20 B.T.A. 282. *183 The record does not disclose the earnings and profits of the corporation at the time of purchase of Ealy's Inland stock by the trustees, but such earnings are presumed to be adequate for that purpose under the provisions of section 115 (b) of the Internal Revenue Code of 1939 in the absence of proof to the contrary. Respondent has increased the taxable income of each petitioner by an amount which represents a proportion of the amount expended by the trustees for the purchase of Ealy's Inland stock which is in exact ratio to their stock interests in Inland. We hold he has properly done so. Decisions will be entered for the respondent. Footnotes
1. The proceedings of the following petitioners are consolidated herewith: Ethel M. Doran, Docket No. 51872; Oney S. Riggs, Docket No. 51873; Dorothy F. Riggs, Docket No. 51874; Ida Bee MacDonald, Docket No. 51877; Clara Nieman, Docket No. 51878; Gus H. Nieman, Docket No. 51879; and John W. MacDonald, Docket No. 51880.↩